IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUBEN E. ALAYON DEL VALLE<br>Plaintiff<br>vs<br>DR. KENNETH KENYON<br>Defendants and Third-Party Plaintiff<br>vs<br>UNIVERSAL INSURANCE COMPANY<br>OPHTHALMIC MUTUAL INSURANCE COMPANY<br>Third-Party Defendants | CIVIL 06-2105CCC |

**O R D E R**

Now before the Court is defendant Ophthalmic Mutual Insurance Company's (OMIC) Motion to Dismiss Amended Complaint and/or Compel Arbitration (**docket entry 51**), which plaintiff opposed (docket entry 53) and to which OMIC replied (docket entry 55).[1] This diversity action arises from the same origins as a medical malpractice action filed in the Superior Court of Puerto Rico on December 4, 2001. The suit was engendered by alleged complications and damages resulting from plaintiff Rubén E. Alayón-del-Valle's LASIK eye surgery at Laser Vision of Puerto Rico, Inc. (Laser Vision). As a result of the discovery in that case, plaintiff learned that Dr. Kenneth Kenyon, a domiciliary of the state of Massachusetts, and an alleged joint tortfeasor, was the medical director of Laser Vision on December 5, 2000, the date of the plaintiff's surgery. Averring that Dr. Kenyon's grossly negligent performance and/or non performance of the duties and obligations as medical

---

[1] Plaintiff's Motion Requesting Extension of Time to File a Response in Opposition (**docket entry 52**) is GRANTED retroactively. OMIC's Motion for Leave to File a Reply to Opposition to Motion to Dismiss and to Exceed Page Limit **(docket entry 54)** is GRANTED retroactively.

CIVIL 06-2105CCC                                    2

director were a direct cause of his damages, plaintiff brought this suit, pursuant to our diversity jurisdiction, under Articles 1802 and 1803 of the Civil Code of Puerto Rico.

In turn, Dr. Kenyon filed a third-party complaint (docket entry 15) against Universal Insurance Company, Laser Vision's insurer, and OMIC, the insurer who affords his coverage for professional services rendered in the United States and Puerto Rico.  The court allowed plaintiff to amend the complaint to bring a direct action against the insurer (docket entry 45), and the third party complaint was dismissed (docket entry 44).

It is OMIC's contention that the action against it is premature. The insurer cites various provisions of the 2006 and 2007 insurance policies, Exhibits A and B respectively, on which it relies:

> No action shall lie against [OMIC] unless, as a condition precedent thereto, there shall have been full compliance by the insured with all the terms and conditions of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured the claimant and the company.

Exhibit A, p.17,¶ I.

> No action may be taken against OMIC to recover under this policy until:
>
>> B. The amount of damages the insured is legally obligated to pay has been determined whether by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and OMIC.

Exhibit B, p. 24, ¶17.

Therefore, according to OMIC, plaintiff's action is premature because neither of the preconditions for filing an action against it–a judgment of the Court or a settlement agreement–has occurred.

CIVIL 06-2105CCC						3

## II.  The "No Action" Clause

As stated above, the policies' no action clauses provide that no action shall lie against OMIC until the amount of Kenyon's obligation to pay has been finally determined by judgment or written settlement agreement.  Pursuant to this clause, the plaintiff's claim against OMIC is not yet ripe.  As explained by E. Holmes in 15 Holmes' Appleman on Insurance 2d §112.10, page 327, in his discussion of direct action by an injured third party against the insurer:

> Many liability policies contain "no action" provisions prohibiting the joinder of the insurer with the policyholder as co-defendant.  The reason for the "no action" clause is to prevent prejudice to the insurer by injecting the element of liability insurance into a jury trial, in deference to what is believed to be a jury's tendency to find negligence, or to augment the damages, if the jury thinks that an affluent institution such as an insurance company will bear the loss.  No action provisions in liability insurance policies have been uniformly enforced by the courts.

Allowing plaintiff to bring a direct action against OMIC the insurer would, therefore, violate the terms of the insurance policy.  Accordingly, the Motion to Dismiss Amended Complaint and/or Compel Arbitration (**docket entry 51**) is GRANTED and the cause of action against Ophthalmic Mutual Insurance Company is DISMISSED without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on June 9, 2009.

							S/CARMEN CONSUELO CEREZO
							United States District Judge