IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUBEN E. ALAYON DEL VALLE<br>Plaintiff<br>vs<br>DR. KENNETH KENYON<br>Defendants and Third-Party Plaintiff<br>vs<br>UNIVERSAL INSURANCE COMPANY<br>OPHTHALMIC MUTUAL INSURANCE COMPANY<br>Third-Party Defendants | CIVIL 06-2105CCC |

## OPINION AND ORDER

The action before us arises from allegations of medical malpractice against defendant Dr. Kenneth Kenyon related to his role as medical director of Laser Vision of Puerto Rico Inc. (Laser Vision). Alayón's amended complaint is based on the allegation that as a result of an elective, ambulatory surgical procedure known as LASIK surgery performed at Laser Vison, he suffered irreparable loss of vision, among other damages. Amended Complaint, docket entry 45, at ¶3.2. Plaintiff further alleges that, "As medical director of Laser Vison . . . Kenyon, was responsible for quality management, patient safety, provider physician training and credentialing, utilization management and medical policies, and establishment and implementation of adequate protocols and procedures, among other duties." Id., at ¶3.16. Alayón contends that Laser Vision "did not have proper and adequate protocols . . . for the screening of patients who were to undergo LASIK surgery," ¶3.17, and that the incomplete protocols were designed by Kenyon. ¶3.18. Alayón further avers that

> Kenyon, as medical director, did not engage in oversight of established patient selection protocols nor undertook activities related to quality assurance, thus allowing full discretion to the ophthalmologist performing the surgery and negligently leaving

CIVIL 06-2105CCC                              2

>       vital patient documentation safety issues [to] their discretion,
>       hence failing to endure and watch for the patient's safety and
>       well being.

Id., at ¶3.20

Kenyon, in turn, brought a third-party complaint against Universal Insurance Company of Puerto Rico (Universal), alleging that it had "issued a commercial general liability policy to Laser Vision of Puerto Rico Inc., which affords coverage for bodily injury, which is defined as, ". . . bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Third Party Complaint, Docket entry 15, page 2 ¶9.

Now before the Court is Universal's Motion for Summary Judgment (**docket entry 59**), which third-party plaintiff Kenyon opposed (docket entry 62). The reasons for Universal's contention that it has no contractual obligation under the policy in question to indemnify or defend Kenyon are the following:

1. "The policy contains a 'Designated Professional Services Exclusion Endorsement' (CG 21 16) that clearly establishes that the insurance does not apply to 'bodily injury' due to the rendering of or failure to render any professional service."  Id., at page 1.

2.  The "Policy also contains a 'Services Furnished by Health Care Providers Exclusion' (CG 22 44) that establishes that the insurance does not apply to 'bodily injury' arising out of the rendering of or failure to render, medical surgical advise or instructions." Id.

That is, "since the allegations against Dr. Kenyon are based on his rendering or failure to render a professional service, in this case, medical surgical advice or instruction, Dr. Kenyon is excluded from any coverage under the policy."  Id.

**Summary Judgment Standard**

The role of a Motion for Summary Judgment is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791,794 (1st Cir. 1999).

CIVIL 06-2105CCC                                              3

Although a Court analyzing a summary judgment motion must look at the record in the light most favorable to the non-moving party, the Court may not rely merely on unsubstantiated allegations. Rather, the non-moving party may only overcome a summary judgment motion upon presentation of proof sufficient to raise a genuine issue of material fact. See, Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). Said another way, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [...]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

## Analysis

Universal's Exhibit 1 to its motion for summary judgment is a copy of the insurance policy in effect when the events on which this suit is based occurred. The coverage is identified as "Commercial Property," "Commercial General Liability," "Commercial Crime" and "Commercial Inland Marine." The Commercial General Liability policy, for which the total liability premium was $1,394.00, contains two endorsements/exclusions–"Designated Professional Services" (CG2116) at page 5 and "Service Furnished by Health Care Providers" (CG2244) at page 6. Both endorsements refer to the Declaration page for the requisite information describing the operations which are excluded.

For purposes of this motion, we address only the exclusion for "Services Furnished by Health Care Providers."[5] The text of the exclusion reads as follows:

---

[5] We cannot evaluate the Professional Services Exclusion because the number of the exclusion, CG2116, does not correspond to the number on the Declaration form, which is listed as CG2142. Similarly, the text of the Declaration does not appear to be related to professional services; to wit:

Exclusion–Specified Operations
Location and Description of Operations:
Any Kind of Operation of Any Kind or Nature

CIVIL 06-2105CCC                                  4

>The following exclusion is added to Paragraph 2, Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I –Coverage B – Personal and Advertising Injury Liability:
>
>With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of:
>
>1. The rendering or failure to render:
>
>>a. Medical, surgical, dental, ex-ray or nursing service, treatment, advice or instruction, or the related furnishing of good or beverages;
>>
>>b. A health or therapeutic service, treatment, advice or instruction; or
>>
>>c. Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming.
>
>2. The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;  or
>
>3. The handling or treatment of dead bodies, including autopsies, organ donation or other procedures.

The description of the operations to which this exclusion applies is identified in the Declaration as "Health or Cosmetic Services and Medical Office."  From the allegations in the complaint, it is clear that Laser Vison is a medical office where ophthalmic treatment and procedures, such as the Lasik surgery at issue in this case, are carried out.

In his opposition, at page 2, third party plaintiff states:

>. . . the exclusions cited by Universal are also inapplicable since the services provided by Dr. Kenyon were clearly within the scope of his duties as medical director and do not constitute professional service as said term is construed within the context of the aforementioned exclusions.

---

Excluded Hazards:
Explosion Hazard
Collapse Hazard
Underground Property Hazard

CIVIL 06-2105CCC                                      5

Kenyon has tried to present his work as the medical director at Laser Vision as something purely administrative, and contends that he was not "performing services requiring specialized skills." Opposition pp.12-13.

We turn to the allegations of Kenyon's third-party complaint. At ¶ 13, ". . . Dr. Kenneth Kenyon, asserts that, <u>to the extent that he is responsible for Plaintiff's injuries</u> ...." (Our emphasis.) In order to determine the nature of his actions as "medical director," for which he is being sued, we must examine the allegations against him. In Alayón's amended complaint, docket entry 45, plaintiff states:

> 3.16 As medical director of Laser Vision of P.R., an outpatient ambulatory surgical facility, Dr. Kenyon was responsible for quality management, patient safety, provider [of] physician training and credentialing, utilization management and medical policies, and establishment and implementation of adequate protocols and procedures, among other duties.

These are clearly duties directly involved in the provision of services and require the application of medical expertise. Kenyon attempts to pass himself off as merely a bureaucratic administrator. The exclusion for medical malpractice liability applies to the facts of the complaint, and therefore, is not covered by the Universal insurance policy.

For the above-stated reason, Universal's Motion for Summary Judgment (**docket entry 59**) is GRANTED, and the action against it is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on October 9, 2009.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge